TRINETTE G. KENT (State Bar No. 222020)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Levy Monnelle Ruiz

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Levy Monnelle Ruiz,<br><br>    Plaintiff,<br><br>  vs.<br><br>Auto Star Motors, Inc.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Levy Monnelle Ruiz, by and through her undersigned counsel, states as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages and for declaratory and injunctive relief brought pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Regulation Z, 12 C.F.R. §226.1, *et seq.* ("TILA"), Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"), Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), Good Faith and Fair Dealing Obligation, and common law fraud.

## JURISDICTION AND VENUE

2. This court has federal question jurisdiction over this matter pursuant to the Truth-in- Lending Act, 15 U.S.C. § 1601, *et seq.,* the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. This court also has jurisdiction over this matter pursuant to 15 U.S.C. § 1640(e), and the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District, and Defendant is subject to personal jurisdiction in this District.

# PARTIES

4.     The Plaintiff, Levy Monnelle Ruiz ("Plaintiff"), is an individual residing in Rancho Cordova, California.

5.     Defendant, Auto Star Motors, Inc. (the "Dealership"), is a California business entity with a principle place of business at 4625 Auburn Blvd., Suite A, Sacramento, California.  The Dealership is engaged in the business of advertising, selling, and registering motor vehicles within the jurisdiction of this Court.

# STATEMENT OF FACTS

**A.  Vehicle Purchase**

6.     On or about November 15, 2015, Plaintiff visited the Dealership and agreed to purchase a 2012 Honda Civic, Vehicle Identification Number 2HGFB2F5XCH333357 (the "Vehicle") from the Dealership.

7.     Plaintiff agreed to a Vehicle purchase price of $13,200.00, with a total sale price of $23,697.72 including taxes, fees, and finance charges.

8.     Plaintiff put $1,035.00 as a down payment, and financed the remainder of the sale price through the Dealership.

9.     The same day, November 15, 2015, the Dealership advised Plaintiff that she was approved for financing.

10.    In connection with the Vehicle's purchase, the Dealership presented Plaintiff with a Retail Installment Contract (the "Installment Contract"), which

contained TILA mandated disclosures, as well as the terms of financing and the schedule of payments.

11. The Installment Contract identifies Auto Star Motors, Inc., as the "Seller" and "Creditor" of the Vehicle.

12. The Installment Contract identifies Plaintiff as the "Buyer" of the Vehicle.

13. Further, the Installment Contract reflected that the Vehicle's purchase price was funded with 72 monthly payments of $314.76, with the first payment due on December 30, 2015.

14. After adding the fees to the Vehicle price, and applying the down payment of $1,035.00, the Installment Contract reflected an Amount Financed as $16,465.53.

15. In addition, the Installment Contract contains the following terms:

> You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller – Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

16. The Installment Contract also contains the following provision:

4

> HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and you and we must sign it. No oral changes are binding.

17. After signing all of the documents presented to her by the Defendant, the Plaintiff left the Dealership in her newly purchased Vehicle.

**B.    Contract Breach and Wrongful Repossession by the Dealership**

18. On or about November 20, 2015, and less than one week after the purchase of the Vehicle, the Dealership informed Plaintiff that the financing had not, in fact, been approved, that they were unable to assign the loan to a third party bank, and demanded that Plaintiff return to the Dealership with a cosigner or surrender the Vehicle.

19. Furthermore, the Dealership advised the Plaintiff that she would be responsible for the $500.00 restocking fee.

20. Plaintiff explained that on the day she executed the Vehicle purchase documents, the Dealership ran Plaintiff's credit report and advised her that she was approved for financing on the terms listed in the Installment Contract.

21. Nevertheless, the Dealership refused to honor the Installment Contract.

22. Plaintiff, under protest, surrendered the Vehicle to the Dealership on November 22, 2015.

5

23. Further, at no time after the Vehicle repossession did the Dealership supply a written notice explaining why the Dealership revoked its extension of credit and why it cancelled the previously approved Installment Contract.

## COUNT I

## VIOLATION OF TILA – 15 U.S.C. § 1601, *et seq*.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. At all times relevant hereto, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments. Defendant is a person to whom the transaction which is the subject of this action is initially payable, making Defendant the creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

26. 15 U.S.C. § 1638 provides that the creditor shall disclose the "amount financed," the "finance charge," the "annual percentage rate," as well as other items so that the consumer can make an informed decision regarding the credit being offered.

27. 15 U.S.C. § 1638 also governs the timing of these disclosures and prohibits any conduct that would prevent the consumer from having a meaningful opportunity to review the terms of the credit being offered.

6

28. The statutes and the Installment Contract provide that the buyer-signed contract is the parties' final integrated writing and is binding on Defendant and the consumer at the time of signing and vehicle delivery, i.e., consummation.

29. Defendant, in fact, had not arranged Vehicle financing at the time the purchase was consummated, and the disclosures contained in the signed Installment Contract are false, and therefore violate TILA and Regulation Z.

30. The Installment Contract and these consumer protection statutes are to be construed liberally in favor of consumers and strictly against the seller.

31. This combination of, on the one hand, the extension of credit in unambiguous terms, while on the other hand simultaneously withdrawing the extension of credit in the same document, violates TILA.

32. Defendant purports to condition the Installment Contract on its desire and ability to sell its contractual obligation to a third party, thus illegally extending consummation to a point in time when a third party might buy the Installment Contract, days after the buyer signs the agreement and the vehicle is delivered. TILA mandates that consummation occurs at the time the buyer signs the Installment Contract. 12 C.F.R. §226.2(13).

33. Defendant's acts and omissions are violations of TILA, as TILA's purpose is to assure a meaningful disclosure of all material terms so that consumers

will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

34. Defendant makes it impossible to meaningfully compare terms that are cancellable or changeable at Defendant's whim with credit terms proposed by its competitors. 15 U.S.C. §1601(a).

35. As a result of these violations of TILA, Defendant is liable to Plaintiff for actual damages: statutory damages equal to twice the finance charge; punitive damages; costs; and attorneys' fees.

## COUNT II

## VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT –

## 15 U.S.C. § 1691, *et seq.*

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff is a "person" as defined in the 15 U.S.C. § 1691a(f).

38. The Dealership is the "creditor" as defined in the 15 U.S.C. § 1691a(e).

39. Plaintiff submitted a credit application to the Defendant relating to her purchase of the Vehicle.

40. The Defendant was required under ECOA to take action on Plaintiff's credit application within 30 days.

41. The Defendant initially informed Plaintiff that her credit application for the Vehicle financing had been approved.

42. At the time the Defendant informed the Plaintiff that her credit application was approved, Defendant knew that the credit application had not been finally acted upon, and that the credit application approval was treated as conditional.

43. The Defendant later revoked the approval and constructively repossessed the Vehicle.

44. The initial credit approval by Defendant was false, and Defendant knew the notice to be false at the time it was made, as it knew that it treated all credit approvals as conditional until its ability to resell the Installment Contract to a third party.

45. Therefore, the notice of false credit approval by Defendant was given in violation of 15 U.S.C. § 1691(d)(1).

46. Furthermore, following its revocation of credit, Defendant failed to provide the written notice of adverse action in violation of 15 U.S.C. § 1691(d)(2).

47. For its violations of ECOA, Defendant is liable to Plaintiff for actual damages, punitive damages of up to $10,000.00, and reasonable attorneys' fees under 15 U.S.C. § 1691e.

# COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant's constructive repossession of the Vehicle and revocation of its extension of credit under the Installment Contract was an "adverse action" within the meaning of the FCRA, 15 U.S.C. § 1681a(k).

50. Defendant failed to provide the notice of adverse action as required under 15 U.S.C. § 1681m.

51. For its willful violation of the FCRA, Defendant is liable to Plaintiff for her actual damages or statutory damages of between $100.00 to $1,000.00, punitive damages, and reasonable attorneys' fees under 15 U.S.C. § 1681n.

52. In the event that the FCRA violation is determined to be negligent rather than willful, Defendant is liable to Plaintiff for her actual damages and reasonable attorneys' fees under 15 U.S.C. § 1681o.

# COUNT IV

## BREACH OF GOOD FAITH AND FAIR DEALING OBLIGATION

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. By misrepresenting material facts and omitting material facts, Defendant did not perform its obligations to Plaintiff in good faith and therefore violated UCC §1-304.

55. The actions of Defendant as described in this Complaint constitute a breach of the good faith requirement, and as a proximate result, Plaintiff has sustained the damages set forth herein.

## COUNT V

## FRAUD OR MISREPRESENTATION

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Defendant induced Plaintiff to purchase the Vehicle by the misrepresentation of material facts and omission of material facts; namely, by misrepresenting that Defendant had secured financing or would itself finance the remainder of the Vehicle's purchase price.

58. Defendant knew such representations to be false, or it made those representations recklessly, or Defendant had no reasonable grounds for believing those representations were true.  Defendant also knew that its omissions were material and important.

59. Defendant intended to deceive Plaintiff and intended that Plaintiff would rely upon its representations, which Plaintiff did to her detriment, suffering damages as a result.

60. Plaintiff is entitled to monetary and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

(a) Money damages;

(b) Statutory damages;

(c) Incidental damages and consequential damages;

(d) Treble damages;

(e) Punitive damages;

(f) Reasonable attorneys' fees; and

(g) Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: April 19, 2016                    By: _/s/  Trinette G. Kent_
                                         Trinette G. Kent
                                         Attorney for Plaintiff
                                         Levy Monelle Ruiz

Case 2:16-cv-00800-TLN-CKD Document 1 Filed 04/19/16 Page 13 of 13